**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THE GRISSOMS, LLC,**

**Plaintiff,**

**v.**

**ANTERO RESOURCES CORPORATION,**

**Defendant.**

**Case No. 2:25-cv-349**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge S. Courter M. Shimeall**

## OPINION AND ORDER

This matter is before the Court on three unopposed motions filed by Plaintiff The Grissoms, LLC, on behalf of the Class: (1) Motion to Approve Distribution Plan (ECF No. 22); (2) Motion for Attorney Fees, Expense Reimbursement, and Service Award (ECF No. 23); and (3) Motion for Final Approval of Class Settlement (ECF No. 24). For the reasons stated below, the Motions are **GRANTED**.

## I. Background

This case is a class action against Defendant Antero Resources Corporation concerning alleged improper deductions from oil-and-gas royalty payments. (ECF No. 1.) The Court previously certified the following Class:

> All persons who executed a lease with Antero for mineral interests underlying an Antero-owned horizontal well in the Seneca System from which streams of raw liquids-rich natural gas can be extracted, which lease contains the Form 2012 Gas and Market Enhancement Clause and entitled its lessors to receive royalty payments from Antero for production from their mineral interests after May 2023, who were class members in The Grissoms, LLC v. Antero Resources Corporation, Case No. 20-cv-2028 (S.D. Ohio) or are successors-in-interest to such class members.

(ECF No. 20.) Additionally, the Court preliminarily approved a $1,129,000 settlement. (*Id.*) The Court conducted a Fairness Hearing on August 4, 2026. (ECF No. 33.)

## II. Fairness Hearing

At the Fairness Hearing, the Court decided whether the Settlement Agreement is "fair, reasonable, and adequate" under Federal Rule of Civil Procedure 23(e)(2), by considering the following factors:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Court found that the factors support approving the settlement: there is no risk of fraud or collusion; the case is complex; discovery was extensive in an earlier parallel case;[1] Plaintiff would have prevailed after a Sixth Circuit decision affirming this Court's finding that Antero made improper deductions;[2] Class Counsel's experience in oil-and-gas matters favors approval; and nothing in the settlement appears to disfavor the public interest. The Court also emphasized that the settlement is significant because it constitutes 100% of Plaintiff's and the Class's damages. Lastly, the Court noted that no objections from absent class members were submitted.

Because the Court found the settlement to be fair, reasonable, and adequate, the Motion for Final Approval of Class Settlement (ECF No. 24) is **GRANTED** and the Motion to Approve Distribution Plan (ECF No. 22) is **GRANTED**.

---

[1] *The Grissoms, LLC v. Antero Res. Corp.*, Case No. 20-cv-2028 (S.D. Ohio).
[2] *The Grissoms, LLC v. Antero Res. Corp.*, 133 F.4th 605 (6th Cir. 2025).

## III. Motion for Attorney Fees, Expense Reimbursement, and Service Award

Plaintiff requests one-third of the total settlement amount ($376,333.33) in attorneys' fees, $405 in litigation costs, and a $1,000 service award to Plaintiff. (ECF No. 23.) No objections were submitted to the requested attorneys' fee award.

Courts in the Sixth Circuit use one of two methods to analyze attorneys' fees requests: the lodestar method or the percentage-of-the-fund method. *Linneman v. Vita-Mix Corp.*, 970 F.3d 621, 624 (6th Cir. 2020). District courts have discretion to choose the more appropriate method based on the unique circumstances of each case. *Id.*; *Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 279 (6th Cir. 2016). Here, the Court will consider the percentage-of-the-fund method and analyze the reasonableness of the fees request in light of the *Ramey* factors:

> [T]he value of the benefit rendered to the [class], (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the litigation, and (6) the professional skill and standing of counsel involved on both sides.

*Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

The value rendered to the class is substantial here. As the Court emphasized in the Fairness Hearing, the settlement amount constitutes a 100% recovery of Plaintiff's and the Class's damages. Further, oil-and-gas cases, as well as class action litigation, are complex and require significant expertise and investment of resources, supporting the fifth and sixth *Ramey* factors. Society has a substantial interest in rewarding counsel who undertake complex litigation of this nature, consistent with the second factor. As for the third factor, Class Counsel assumed the risk of nonpayment by litigating this case on a wholly contingent basis.

The Court next considers the value of services on an hourly basis, or the "lodestar cross-check." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 767 (S.D. Ohio 2007)

(Marbley, J.). Class Counsel worked 186.5 hours in this case. (ECF No. 23-1, PageID 248.) Multiplied by the attorneys' hourly rates,[3] the lodestar amount is $122,474. (*Id.*) Plaintiffs' request for $376,333.33, thus, results in a multiplier of 3.07. (*Id.* at 249.) "The typical lodestar multiplier in a large class action ranges from 1.3 to 4.5." *Smith v. Fifth Third Bank*, No. 1:18-cv-464, 2021 WL 11713313, at *7 (S.D. Ohio Aug. 31, 2021) (Cole, J.) (citation modified). Considering this range, the Court finds the 3.07 multiplier reasonable, especially given that Class Counsel have performed work in the case after the filing of their attorneys' fees motion.

Lastly, the Court notes that the requested one third-fee award is consistent with the percentage-of-the-fund awards commonly approved in class action settlements. *See, e.g.*, *Smith*, 2021 WL 11713313, at *7; *Macaluso v. Zirtual Startups, LLC*, No. 2:19-cv-3616, 2021 WL 3639665, at *4 (S.D. Ohio Aug. 17, 2021) (Marbley, J.); *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 WL 6536342, at *10 (S.D. Ohio Sep. 25, 2020) (Rice, J.).

Turning to the expenses and service fee, the Court finds that $405 in expenses (the filing fee) and a $1,000 service award to Plaintiff are reasonable. *See Rudi v. Wexner*, No. 2:20-cv-3068, 2022 WL 1682297, at *5–6 (S.D. Ohio May 16, 2022) (Watson, J.).

Accordingly, the Motion for Attorneys' Fees, Expense Reimbursement, and Service Award (ECF No. 23) is **GRANTED**.

## IV. Conclusion

For the reasons stated above, (ECF No. 22) Plaintiff The Grissoms, LLC's Motion to Approve Distribution Plan is **GRANTED**, (ECF No. 23) Plaintiff The Grissoms, LLC's Motion for Attorney Fees, Expense Reimbursement, and Service Award is **GRANTED**, and (ECF No.

---

[3] The hourly rates do not exceed $650, which is the maximum rate that the Court previously found to be appropriate in the parallel case. *The Grissoms, LLC v. Antero Res. Corp.*, No. 2:20-cv-2028, 2026 WL 1396017, at *3 (S.D. Ohio May 19, 2026).

24) Plaintiff The Grissoms, LLC's Motion for Final Approval of Class Settlement is **GRANTED**.

The Court awards Class Counsel $376,333.33 in attorneys' fees and $405 in expenses, for a total of $376,738.33. The Court awards a $1,000 service award to Plaintiff The Grissoms, LLC.

The Clerk is **DIRECTED** to enter judgment and terminate this case on the docket.

**IT IS SO ORDERED.**

**8/6/2026**
**DATE**

**s/Edmund A. Sargus, Jr.**
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**